SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JOSEPH H. HUYNH, DC #495403**
Assistant United States Attorney
Joseph.Huynh@usdoj.gov
405 E 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:26-cr-00013-MTK** |
| **v.** | **UNITED STATES'**<br>**SENTENCING MEMORANDUM** |
| **JESUS CAMPOS ROMAN,** | |
| **Defendant.** | |

Defendant was transporting 110 pounds of methamphetamine, 5.6 pounds of cocaine, and 4.4 pounds of fentanyl.  For his actions, he must be held accountable.  As a result, the Government recommends a sentence of 12 months and a day.

## I.      The Offense Conduct

On July 30, 2025, at approximately 10:45 a.m., an Oregon State Police K9 Lieutenant who was with his K9 was on patrol, in uniform, operating a marked patrol vehicle near mile post 226 on Interstate 5 (I-5), which is a public highway within the confines of Linn County, Oregon. The Lieutenant observed a Silver 2024 Nissan Altima, bearing Washington plate CCY1131 traveling north on I-5.  He observed the vehicle following too closely to the vehicle in front of it. As the Lieutenant pulled behind the vehicle at mile post 228, it immediately took the exit, failing

**United States' Sentencing Memorandum**                                                                **Page 1**

to signal 100 feet prior to making a lane change. Based on my training and experience, it is common that people trying to avoid law enforcement will take the closest exit to avoid contact from law enforcement.

The Lieutenant activated his emergency lights, initiating a traffic stop for following too closely and failure to signal 100 feet prior to making a turn. The vehicle yielded on the shoulder. The Lieutenant approached the vehicle. The driver identified himself as Campos Roman and the passenger identified himself as Freites-Mosquera. Freites-Mosquera was visibly nervous, clasping his hands and breathing heavily.

Campos Roman told the Lieutenant he was running out of gas, which is why he took the exit. Campos Roman also told the Lieutenant he was coming back from Los Angeles after attending a wedding for the past one day. The Lieutenant observed snack wrappers and trash, which indicated they had been traveling long distance.

The Lieutenant was provided with the rental agreement that showed the vehicle was rented on July 27, 2025, by Campos Roman in Everett, Washington, and was due back on July 31, 2025. License plate reader (LPR) data on the vehicle indicated it had passed near Tolleson, Arizona, on July 28, 2025, at approximately 11:11 p.m., and again on July 29, 2025, at approximately 1:49 a.m.

The Lieutenant recontacted Campos Roman and asked if they had been anywhere else other than Los Angeles. Campos Roman denied any other travel. Campos Ramon was then asked for consent to search the vehicle. He indicated he did not want his vehicle searched. The Lieutenant asked if there were any drugs in the vehicle. Campos Roman told him there was a user amount of methamphetamine in his wallet and volunteered to provide it to the Lieutenant.

**United States' Sentencing Memorandum** **Page 2**

During the Lieutenant's contact with Campos Roman, he was texting on a cell phone to unknown people.

While the Lieutenant was asking for consent, additional law enforcement officers arrived to assist.  The Lieutenant then deployed his drug K9 to the exterior of the vehicle.  The K9 alerted to the odor of drugs coming from the trunk compartment of the vehicle and the passenger door seam.

Law enforcement conducted a search of the vehicle and found in the trunk two black garbage bags filled with approximately 70 cylinder shaped bindles wrapped in clear plastic wrap of suspected methamphetamine each weighing approximately 1.2 pounds, a fan box filled with 4 cylinder shaped bindles wrapped in black electric tape of suspected fentanyl m/30 pills and approximately 10 oddly shaped kilogram sized packages of suspected methamphetamine, and a red grocery bag with 2 kilogram-sized brown tape wrapped packages of suspected cocaine.  See photos below.



Law enforcement conducted a field test using a TruNarc and confirmed the clear plastic cylinders as containing methamphetamine, the electric tape wrapped cylinders with pills as

**United States' Sentencing Memorandum**                                   **Page 3**

containing fentanyl, and the brown kilogram-sized bricks as containing cocaine.  The total

packaged weight of the methamphetamine was approximately 110 pounds, the total packaged

weight of the cocaine was approximately 5.6 pounds, and the total packaged weight of the

fentanyl m/30 pills was approximately 4.4 pounds.

Campos Roman was taken into an interview room and immediately invoked his Miranda

rights.  A search of Campos Roman's wallet revealed a Mexican passport and a Washington

driver's license.

## II.     The Plea Agreement & Guideline Computations

On January 28, 2026, Defendant pled guilty to Count 1 of the Information, which charged

him with conspiring to possess with the intent to distribute 500 grams or more of a mixture or

substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)

and 846.  Consistent with the plea agreement and PSR, the Government recommends the

following guidelines calculation:

| Enhancement | Government's Position |
| --- | --- |
| Base Offense Level USSG § 2D1.1(a)(5) | 30 |
| Safety Valve USSG § 2D1.1(b)(18) | -2 |
| Minimal Role § B1.2 | -4 |
| Acceptance of Responsibility— USSG § 3E1.1(a) | -2 |
| Acceptance of Responsibility— USSG § 3E1.1(b) | -1 |
| Zero-point offender USSG § 4C1.1 | -2 |
| Total Offense Level | 19 |
| Early Resolution Variance § 3553 | -3 |
| **Adjusted Offense Level** | 16 |
| **Resulting Guideline Range** | 21 to 27 months (CH CAT I) |
| 3553 Variance | -3 |
| **Resulting Guideline Range** | 12 to 18 months (CH CAT I) |

**United States' Sentencing Memorandum**                                                      **Page 4**

The Government agreed in the plea agreement to recommend a sentence of 12 months and a day. The Defendant agreed not to seek downward departures, adjustments, or variances from the guideline range.

### III.    Government's Recommended Sentence

Applying the 3553(a) factors for this case and consistent with the plea agreement, the Government believes its recommended sentence is appropriate.

#### A.  The Nature and Circumstances of the Offense

Defendant willingly helped a drug trafficking organization transport large quantity of drugs, valued at over $300,000.

#### B.  Defendant's History and Characteristics

To his credit, Defendant does not have any criminal history.

#### C.  The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

In the hopes of making some easy money, Defendant was willing to help transport drugs that, if distributed, would have fed the addictions of many people, helped destroy families and communities, and could have resulted in deaths of others.  The crime is serious and needs to be treated as such.

#### D.  The Need for the Sentence to Afford Adequate Deterrence

A period of incarceration of 12 months and a day would allow the Defendant to take accountability and responsibility for his drug trafficking and hopefully deter him from continuing to do so in the future.

/ / /

/ / /

**United States' Sentencing Memorandum**                                                    **Page 5**

**E.  The Need to Avoid Unwarranted Sentencing Disparities**

Defendant is facing his first criminal conviction.  While the recommended sentence is less than the average length of imprisonment, it is appropriate in light of unique circumstances in this case and given the lack of evidence indicating his knowledge of the drugs and drug quantity involved.

**IV.    Conclusion**

Accordingly, for the reasons set forth above, the Government respectfully recommends a sentence of 12 months and a day and 1 year of supervised release.

Dated: May 6, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Joseph H. Huynh*
JOSEPH H. HUYNH
Assistant United States Attorney